IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| DELTA AIR LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff American Airlines, Inc. ("American"), through its attorneys, brings this action to enjoin infringement by Defendant Delta Air Lines, Inc. ("Delta") of American's "Flagship" trademarks. American seeks injunctive relief and all other remedies available under the law. Based upon its own knowledge as to its actions and upon information and belief as to all other persons and events, American respectfully alleges as follows:

### NATURE OF ACTION

1.      This is an action for trademark infringement pursuant to the Lanham Act.

2.      American has been using a series of federally registered "Flagship" trademarks—which today include the marks "Flagship," "Flagship Lounge" and "Flagship Suite" (the "Flagship Marks")—to describe premium air travel services for first and business class passengers since the 1930s and 1940s.

3.      Delta is well aware of American's Flagship Marks. Yet, despite knowing that American owns the exclusive right to use the Flagship Marks, Delta has begun to use the terms "flagship," "Flagship," and "FLAGSHIP" to promote its own airport lounges and premium services and interiors, including its One Suite first class seating and its Premium Select seating.

Delta's use of these terms is confusingly similar to American's well-established Flagship Marks on its face.

4.       This confusion is only amplified because Delta is using these terms to promote its own premium air travel services—which just so happen to be the very same services in which American has used its Flagship Marks for decades.  This is no coincidence.  Upon information and belief, Delta is using "flagship," "Flagship," and "FLAGSHIP" as marks of its own with the expectation of generating confusion in the marketplace.  Delta's use of these confusing marks is causing irreparable harm to the well-established goodwill and reputation of American and its trademarks.

5.       As a result, American has been forced to protect its interests and investment in its valuable Flagship Marks by seeking relief in this Court.

## PARTIES

6.       American is a Delaware corporation with its principal place of business in this District, at 1 Skyview Drive, Fort Worth, Texas 76155.

7.       Delta is a Delaware corporation with its principal place of business at 1030 Delta Boulevard, Department 982, Atlanta, Georgia 30354.

## JURISDICTION AND VENUE

8.       The Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §1331, §1337, and §1338(a) and (b) and 15 U.S.C. §1114, §1116, §1121, and §1125(a).

9.       The Court has personal jurisdiction over Delta because it offers for sale and sells its services to consumers in Texas, and has done so for years, including through its website and in person at airports like Dallas-Fort Worth International Airport.  Delta is registered to do business in the state, regularly does business in the state, purposefully directs its business activities toward Texas residents, and derives substantial revenue from its services used or

- 2 -

consumed in Texas.  Delta further advertises and offers for sale flights bearing the infringing "flagship" designation to Texas residents.

10.     Venue is proper in this District under 28 U.S.C. §1391.  A substantial portion of the events that give rise to this action occurred here, and Delta is subject to personal jurisdiction in Texas.

FACTUAL BACKGROUND

**American's Flagship Marks**

11.     American is the largest air carrier in the world and enjoys a reputation in the United States and internationally as a premier airline for business and leisure travelers. American and its affiliates serve over 350 destinations in over fifty countries, with nearly 7,000 daily flights.

12.     During its more than 90-year history, American has built both global name recognition and goodwill.  American is a household name.  This success is attributable to its significant and longstanding investment in its brand and intellectual property.

13.     American has introduced many innovations in the industry over the years, from the first computer system for automating reservations to the first global alliance of air carriers, to interline ticketing between members' airlines and enhanced benefits for American customers. With this focus on customer benefits and the travel experience, American has been a leader in the development of premium-level travel services, both in-flight and on the ground. For years, American has marketed premium-level services as "Flagship" services.  These Flagship services provide a quality travel experience that is unmatched in the industry.

14.     American's Flagship services provide customers with an exceptional, industry-leading travel experience in the air and on the ground.

15.    American has invested significant capital in defining its Flagship brand.   For example, American has created exclusive Flagship Check-In areas at several major airports in several major cities.   Eligible customers can access this exclusive check-in area with personalized assistance, including such benefits as a designated premium security line with expedited security screening:





16.    While waiting for flights, eligible customers can enjoy a Flagship Lounge. The Flagship Lounge provides buffet-style meals with full-size hot and cold entrees, specialty

cocktails, and premium wine, along with shower suites, large workspace areas, luxurious seating options and luggage storage.  American's Flagship lounge goes beyond typical airport lounges, including American's own Admirals Club lounges in its premium level of service.  American's Flagship lounges include a Flagship First Dining experience, an exclusive space providing restaurant-like service of regionally-inspired menus.







17.     In the air, American's Flagship passengers enjoy chef-curated menus, premium wines, and specially designed lie-flat seating.



18.     American has used its Flagship Marks to describe premium air travel services for first and business class passengers since the 1930s and 1940s.  In particular, American has used the Flagship Marks in connection with first-class sleeper arrangements since then:



19.     American's Flagship services have, for decades, included coordinating travel arrangements for individuals, providing air transportation reservation services, and providing access to airport lounges.

20.     Since 1998, American has been using its Flagship Lounge Mark as a designation of providing facilities for travelers in airports for conducting business, meetings, and conferences.

21.    In 1999, to protect its significant investment in its Flagship brand, American began registering its Flagship Marks.   American's registered Flagship Marks include the following:

| Mark/Name | No. | Date | Services |
|---|---|---|---|
| FLAGSHIP LOUNGE<br><br>**FLAGSHIP LOUNGE** | RN: 2386298 | Registered: September 12, 2000 | (Int'l Class 35) Providing facilities for travelers in airports for conducting business, meetings and conferences; providing office equipment, machinery and a professional support staff to assist in the conducting of office business and conferences and in the management of travel plans |
| FLAGSHIP LOUNGE<br><br>Flagship Lounge | RN: 2423873 | Registered: January 23, 2001 | (Int'l Class 35) Providing facilities for travelers in airports for conducting business, meetings and conferences; providing office equipment, machinery and a professional support staff to assist in the conducting of office business and conferences and in the management of travel plans |
| FLAGSHIP SUITE | RN: 3717509 | Registered: September 15, 2009 | (Int'l Class 39) Transportation of passengers and cargo by air |
| FLAGSHIP | RN: 4897371 | Registered: February 9, 2016 | (Int'l Class 39) Air transport of passengers; providing premium air transportation services for first class and business class passengers, namely, providing travel reservation services, namely, coordinating travel arrangements for individuals, providing air transportation reservation services, and providing vehicle reservation services; booking and arranging of access to airport lounges; airport |

| Mark/Name | No. | Date | Services |
|---|---|---|---|
| | | | services featuring transit lounge facilities for passenger relaxation and also including shower facilities<br><br>(Int'l Class: 43)<br>Providing premium food and beverage services for others; providing food and beverage, catering, and restaurant; providing hotel accommodation reservation services for others |
| FLAGSHIP | SN: 87786140 | Published: June 25, 2019 | (Int'l Class: 35)<br>Office machines and equipment rental; company office secretarial services; providing office machines and equipment; provision of company office secretarial services; provision of office support staff; provision of clerical and secretarial services; providing facilities, office machines and equipment for conducting business, business meetings, and conferences; providing professional support staff to assist in the conducting of office business, meetings and conferences; membership club services in the field of travel and transportation<br><br>(Int'l Class: 39)<br>Passenger baggage checking and handling, namely, airport baggage check-in services; providing air transportation reservation services; airport services featuring transit lounge facilities for passengers; airline passenger ticketing, check-in and boarding services; escorting of travelers; providing professional support staff to assist in the management of travel plans; air transport of passengers, cargo, and |

| Mark/Name | No. | Date | Services |
|---|---|---|---|
| | | | freight; providing travel agency services, namely, providing travel reservation services for others, air transportation reservation services for others, vehicle reservation services for others, cruise reservation services for others and vacation reservation services in the nature of coordinating travel arrangements for individuals and groups; providing information in the field of travel; providing information concerning cargo and passengers' luggage in transit and delivery; transportation services, namely, checking of baggage; airport services featuring transit lounge facilities for passengers, including shower facilities; booking and providing ancillary travel services, namely, making reservations in the nature of seat selection, baggage check-in, transfer of checked baggage to aircraft, transfer of carry-on baggage to aircraft; airline services, namely, priority boarding for customers, seat upgrades, and access to airport lounge facilities; airport services, namely air passenger wheel-chair services at airport; airport services featuring transit lounge facilities for passengers.<br><br>(Int'l Class 43)<br>Providing conference rooms; food and drink catering; café services; restaurant services; bar services; providing conference room facilities; providing lounge facilities for providing food and drink; Providing hotel reservation and coordination services for others; hotel services; restaurant |

3052484_1

| Mark/Name | No. | Date | Services |
|---|---|---|---|
| | | | services, namely, providing of food and drink in airports and on aircraft.<br><br>(Int'l Class 45)<br>Facilitating expedited passenger screening, namely, providing priority access to airline passenger and baggage security screening; airline services, namely, providing priority security screening for customers. |

22.     In addition to its registered rights, American has strong common law rights in its Flagship Marks by virtue of extensive and continued use and promotion of such marks in commerce nationwide.

23.     The Flagship Marks serve as unique source identifiers for American's premium-level in-flight services and other travel services.

24.     American has invested millions of dollars in worldwide advertising and marketing to build the fame, reputation, and goodwill of the Flagship Marks.  It advertises through a variety of media across the country, including television, radio, newspapers, magazines, and direct mail. American also promotes its products and services on the Internet, via its own websites and through advertising on the websites of third parties.

25.     Its Flagship Marks are distinctive designations of the source of origin of American services.

26.     The Flagship Marks are uniquely associated with American and its high-quality goods and services.  These marks are assets of incalculable value as symbols of American, its quality goods and services, and its goodwill.

27.     The Flagship Marks are famous and well-known within the travel industry, especially among travel industry press and among flyers who make use of premium services.

**Delta's Infringement of the Flagship Marks**

28.     Delta is aware of American's Flagship brand, the investment American has made in its Flagship interiors, and of the Flagship Marks themselves.  Delta considers American to be one of its biggest competitors—if not its biggest competitor.  Some of Delta's chief marketing strategies include persuading consumers to choose Delta over American, and attempting to persuade loyal American customers to switch their loyalty to Delta.  On information and belief, competing with American is so central to Delta's marketing strategies that its infringement of the Flagship Marks must be a tactical, strategic choice.

29.     Delta has been using advertisements and press releases to chip away at American's Flagship brand in several ways.  First, Delta has used iterations of "flagship" (including "Flagship" and "FLAGSHIP") to describe its own premium-level plane interiors and associated in-flight services.

30.     In mid-2017 Delta began using the term "flagship" to refer to certain of its market-specific airplanes. Initially, Delta used the term "flagship" to refer to its Airbus A350. Notably, whenever discussing its Airbus A350 planes, Delta also routinely sought to emphasize its premium "One Suite" and "Premium Select" seating and services.

- 13 -



31.     This use by Delta was the beginning of a campaign to brand its premium-level interiors and services as a suite of "flagship products" or services.  For example, in a December 2018 press release, Delta promoted the interiors of not just the Airbus A350, but also the Airbus A220, the Boeing 777, and the Boing 767-400, as new "***flagship products***" that met its "flagship standards":

> The introduction of the A350 and A220 to Delta's fleet have ushered in flagship products for the airline's international and domestic onboard experience, respectively. Delta Flight Products has been tapped to manage mid-life cabin modernizations for Delta's 777 and 767-400 fleets to bring them up to flagship standards through the design, integration and production of thousands of parts, and configuring the aircraft with new lavatories, IFE and lighting systems, while managing FAA certification activities.

32.     As another example, in a February 28, 2019 press release, Delta said it "will offer its ***flagship Delta One Suite and Delta Premium Select products*** on three aircraft types including the A350 and updated Boeing 777s."

33.     Delta's marketing had the intended effect.  The travel industry media and the popular travel blogs quickly adopted and amplified Delta's new branding of its premium-level

- 14 -

travel services using the term "flagship."  For example, Darren Murph, a prolific blogger and flyer of over one million miles on Delta, posted about the airline's "Flagship" premium services and interiors:



34.     Recently, Delta has even begun directly selling flight tickets by using the term "FLAGSHIP" to indicate a premium-level interiors and services for certain flights.  Delta has modified its online flight booking tool to include a special "FLAGSHIP" label (in all capital letters on a solid red background) to indicate the tickets that will provide the so-called "flagship" experience and/or interiors.



35.     Not only does the word "FLAGSHIP" have the same presentation as the "NEW" label on Delta's Premium Select seating (all-white capitalized text on an all red background),

clicking on the word "FLAGSHIP" in the image above will take consumers to a webpage that emphasizes Delta's "One Suite" first class seating, its "Premium Select" seating, its "chef-curated meals with wine pairings hand selected by Master Sommelier Andrea Robinson," and "superior amenities."  This represents yet another attempt by Delta to associate its use of the term "flagship" with premium seating, food and services in exactly the same way American has done with its Flagship Marks for decades.  Delta reinforced this association with "flagship" in a November 5, 2019 press release referring to its new international main cabin experience as a "flagship service."

36.     Delta has also used the terms "flagship" and "Flagship" to promote its own line of premium airport lounges—a direct infringement on American's "Flagship Lounge" marks.  For instance, in late 2016, Delta issued a press release titled "Delta Unveils *Flagship Delta Sky Club* at Atlanta's Concourse B."  This press release detailed the opening of Delta's new "Flagship" Delta Sky Club airport lounge at the Hartsfield-Jackson Atlanta International Airport, and emphasized the "premium" nature of the lounge, targeting the precise consumers to which American directs its Flagship Marks.  Twice in December 2019, Delta issued press releases referring to its new lounge at JFK Terminal 4 as a "flagship Delta Sky Club."

37.     Delta has since expanded the use of "flagship" to not just its lounge at Hartsfield-Jackson Atlanta Airport, but what appears to be a growing line of "flagship" lounges across the country.  For instance, on January 7, 2019, Delta issued another press release entitled "5 features to look forward to at the new Phoenix Delta Sky Club," which proclaimed that Delta had "opened new *flagship Delta Sky Clubs*" at both "Hartsfield-Jackson Atlanta International Airport and Seattle-Tacoma International Airport," and that this second "flagship" lounge "features local, seasonal fare from renowned chef Ethan Stowell."  On information and belief, at

3052484_1

the time Delta issued both press releases, it was fully aware of American's Flagship Lounge marks, which American registered with the U.S. Patent and Trademark Office in the year 2000, and which had become incontestable.

38.     Delta's steady increase in the branding of its lounges, flights, and premium-level interiors and in-flight services with the terms "flagship," "Flagship," and "FLAGSHIP" is likely to cause confusion with the relevant travelling public, and has likely already caused such confusion. This is no accident. American believes Delta is looking to capture additional market share by targeting its greatest competitor, American, and eroding the brand, good will, and value that American has built over the past eighty years through the Flagship Marks.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114(1))

39.     American re-alleges the material fact allegations in the preceding paragraphs as if fully stated herein.

40.     American's federally registered Flagship Marks are inherently distinctive and continue to acquire distinctiveness and goodwill in the marketplace through American's use of those marks in commerce. As a result of its widespread and continuous use, the Flagship Marks have become associated in the minds of consumers, business travelers and first-class travelers with American. The reputation and goodwill that it has built up in its Flagship Marks is of great value to American.

41.     Delta is using the terms "flagship," "Flagship" and "FLAGSHIP" in its press releases, on its website, and elsewhere as marks of its own in a manner that is likely to cause confusion with, or to cause mistake or deceive consumers as to the origin, sponsorship, or approval of Delta's services and related commercial activities, in violation of the Lanham Act, 15 U.S.C. §1114(1), Sec. 32(1).

- 17 -

42.     Delta's acts have caused and, unless and until such acts are enjoined by this Court pursuant to 15 U.S.C. §1116, will continue to cause, great harm and irreparable injury to American.  Delta's acts damage American by making sales by trading off American's goodwill in the Flagship Marks, as well as by undermining consumers' association of Flagship with American.  Delta is well aware of American's Flagship brand and, on information belief, Delta's acts are knowing and willful.

43.     American has no adequate remedy at law.

44.     By its actions, Delta has violated the Lanham Act, 15 U.S.C. §1114(1), Sec. 32(1).

## COUNT II
### FEDERAL UNFAIR COMPETITION
### (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

45.     American re-alleges each of the allegations in the preceding paragraphs as if fully stated herein.

46.     American has federal trademark rights in the term "Flagship" in connection with premium travel services, as result of its decades-long use of the "Flagship" mark to describe such services.  Over the decades, these services have included premium sleeper arrangements for first-class customers, premium food and lounge options, and premium ticketing arrangement and booking services.  American has used the term "Flagship" in commerce in the United States and Worldwide since the 1930s.

47.     Delta is using the terms "flagship," "Flagship" and "FLAGSHIP" in its press releases, on its website, and elsewhere to describe its new premium interiors, its first-class sleeper arrangements, and its premium food and lounge options.

48.     Delta's actions constitute use of a false designation of origin or false representation which wrongfully and falsely designates the origin of Delta's services and related

- 18 -

commercial activities as originating from or being approved by American. As such, these actions constitute a false description or representation used in interstate commerce in violation of the Lanham Act, 15 U.S.C. §1125(a), Sec. 43(a).

49.     Delta's actions have caused and, unless they are enjoined by the Court pursuant to 15 U.S.C. §1116, will continue to cause, great and irreparable injury to American.  Delta's acts damage American by undermining consumers' association of Flagship with American.  Delta is well aware of American's Flagship brand and, on information belief, Delta's acts are knowing and willful.

50.     American has no adequate remedy at law.

51.     By virtue of its acts, Delta has violated Section 43(a) of the Lanham Act 15 U.S.C. § 1125(a).

## PRAYER

For these reasons, plaintiff American respectfully prays for the following relief:

A.     A finding that Delta unlawfully, willfully, and without authorization infringed upon American's Flagship Marks, and engaged in unfair competition, in violation of the Lanham Act, 15 U.S.C. §1125, *et seq.*

B.     An order that Delta, its officers, agents, servants, employees, and attorneys, and all persons acting for, by, through, or under it be permanently enjoined from:

1.     Using the term "Flagship" (or any similar or derivative term) in association with airport lounges, seating, food, dining, check-in, tickets, airplane interiors, on-the-ground services, booking services, or in-flight services;

2.     Using the term "Flagship" (or any similar or derivative term) in any other manner which creates confusion with American's Flagship Marks;

3.     Using the term "Flagship" (or any similar or derivative term) which in any way constitutes unfair competition with American; and

- 19 -

4.     registering or applying to register any trademark, service mark, domain name, or other source identifier or symbol of origin consisting of or incorporating the term "Flagship" (or any similar or derivative term), or any other term that infringes or is likely to be confused with the Flagship Marks.

C.     An award to American of monetary relief in an amount to be fixed by the Court in its discretion as just, including:

1.     All profits received by Delta from sales and revenues of any kind made as a result of its trademark infringement and unfair competition;

2.     All damages sustained by American as a result of Delta's infringement and unfair competition, including ascertainable damages, costs, and attorney fees, and enhanced damages for willful infringement.

D.     An award to American of all other relief as this Court considers just and proper.

Dated:  December 20, 2019           Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel: (817) 332-2500
Fax: (817) 878-9280
dee.kelly@kellyhart.com
lars.berg@kellyhart.com

- 20 -

3052484_1

Nathan J. Muyskens
*Pro Hac Vice* Admission to be Sought
GREENBERG TRAURIG, LLP
2101 L. St. NW, Suite 1000
Washington, DC 20037
Tel: (202) 331-3164
muyskensn@gtlaw.com

Cameron M. Nelson
*Pro Hac Vice* Admission to be sought
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
nelsonc@gtlaw.com


James E. Brandt
Eric Leon
Kuan Huang
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
James.Brandt@lw.com
Eric.Leon@lw.com
Kuan.Huang@lw.com


ATTORNEYS FOR PLAINTIFF
AMERICAN AIRLINES, INC.